# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### COURT FILE NO.:

Teresa Lynn Kelly f/k/a
Teresa Lynn Murphy,

        Plaintiff,

    -vs-

Élan Financial Services,

        Defendant.

**COMPLAINT WITH
JURY TRIAL DEMAND**

## JURISDICTION

1.    This action arises out of Defendant's violation of the Fair Debt Collection
Practices Act – 15 USC §1692 *et seq.* ("FDCPA") and the Fair and Accurate
Credit Transaction Act U.S.C. § 1681 *et seq.* ("FACTA").

2.    Plaintiff brings this action for damages against Defendant for violations of the
FACTA, FDCPA and pendent state law claims for breach of contract. Plaintiff
seeks, actual damages, statutory and punitive damages, costs and attorney fees.

3.    Jurisdiction of this Court arises under 15 U.S.C. § 1681s-2(b) pursuant to 15
U.S.C. § 1681 *et seq.*, 15 U.S.C. §1692k and 28 USC §1331 and §1367.

## PARTIES

4.    Plaintiff Teresa Lynn Kelly f/k/a Teresa Lynn Murphy is a natural person who
resides in the city of Maple Grove, county of Hennepin, in the state of Minnesota.

Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and §1692a(3).

5.   Defendant Élan Financial Services (hereinafter "Élan") is foreign corporation incorporated under the laws of the state of Delaware. It is regulated by the Office of the Comptroller of the Currency. It has its principal place of business is 800 Nicollet Mall, Minneapolis, MN 55402. It is a furnisher within the meaning of 15 U.S.C. §1681 *et seq*.

## FACTUAL ALLEGATIONS

6.   Plaintiff incurred two consumer debts as that term is defined at 15 USC §1692a(5) with US Bank sometime prior to August 6, 2007.

7.   When Plaintiff's US Bank debts went into default they were transferred or assigned to Defendant Élan for collection.

8.   Defendant Élan on or about August 6, 2007 confirmed to Plaintiff that it agreed to accept a sum of $4,358.25 as settlement in full … to the (Élan) account ending in xxxx xxxx xxxx 0061 and … to the (Élan) account ending in xxxx xxxx xxxx 0043.  (*See Exhibit 1 attached hereto*.)

9.   Defendant's Recovery Specialist Christopher Lee then sent an August 29, 2007 email confirming that Élan agrees to delete the tradelines related to these accounts for your personal credit profile…" (*See Exhibit 2 attached hereto.*)

10.   Élan's offer to delete the paid accounts from Plaintiff's credit reports were contingent upon Plaintiff making two payments totaling $6742.41 by August 30,

2007.

11.   Plaintiff states she made timely payments on August 30, 2007 as directed *(See Exhibit 3 attached hereto*) and fully expected that these two adverse Élan accounts would be deleted from her credit history.

12.   Plaintiff was stunned to read the Élan accounts ending in xxxx xxxx xxxx 0061 and Élan xxxx xxxx xxxx 0043 communicated at all and especially adversely on her November 15, 2007 and December 18, 2007 CSC credit report.

13.   Further, Trans Union reported the Élan account ending in xxxx xxxx xxxx 0061 and Élan xxxx xxxx xxxx 0043 adversely on November 7, 2007 and as charged-off on her January 9, 2008 Trans Union credit report.

14.   Experian reported the Élan account ending in xxxx xxxx xxxx 0061 and Élan xxxx xxxx xxxx 0043 adversely on October 26, 2007 and as charged-off on her November 8, 2007 and December 28, 2007 Experian credit reports.

15.   Plaintiff was frustrated, angry and anxious because Élan had failed to delete the two paid Élan accounts from her credit profile or at a minimum report them as paid as promised.

16.   Plaintiff mailed a January 10, 2008 dispute letter in compliance with 15 USC §1681i to national credit reporting agencies CSC Credit Services and Tran Union in which she stated:

| | | |
|---|---|---|
| Élan xxxx xxxx xxxx 0043 | This account was settled in full on August 6, 2007. It should NOT be reported as charged off. I have attached Élan's 8/6/2007 letter. | Update to show paid in full; not charged off. |
| Élan xxxx xxxx xxxx 0061 | This account was settled in full on August 6, 2007. It should NOT be reported as charged off. I have attached Élan's 8/6/2007 letter. | Update to show paid in full; not charged off. |

*[See Exhibit 4 attached hereto which included her drivers license and a copy of the August 6, 2007 Elan letter (Exhibit 1).]*

17.   Trans Union then conveyed the dispute to Defendant and received communication back from Élan wherein Defendant failed to conduct a reasonable investigation in to Plaintiff's dispute in violation of 15 USC §1681s-2(b).

18.   On February 11, 2008 Trans Union sent to Plaintiff the investigation results concerning the Élan accounts being reported by Trans Union.

19.   Specifically, Trans Union communicated to Plaintiff that Élan xxxx xxxx xxxx 0043 "NEW INFORMATION BELOW" and indicated further that Élan had "verified" the account as "payment after charge-off/collection" in 1/2008.

20.   CSC sent Plaintiff its investigation results dated February 11, 2008.

21.   Herein CSC reported both Élan xxxx xxxx xxxx 0061 and Élan xxxx xxxx xxxx 0043 "DELETED."

22.   Plaintiff was relieved to see that her CSC credit report was accurate related to Élan.

23.   Élan failed to conduct a reasonable investigation when contacted by Experian in

January 2008 and therefore violated 15 USC §1681s-2(b).

24. Élan's failure to conduct a reasonable investigation of Plaintiff's disputes conveyed to it by the national credit reporting agencies Trans Union and Experian have resulted in an inaccurate, derogatory and credit score reducing information being conveyed about Plaintiff.

25. By failing to remove or at a minimum update the Elan tradelines to report as "settled in full" Defendant breached its contract to Plaintiff resulting in foreseeable damage to her credit profile and credit score.

26. Further, Defendant by reporting inaccurate credit information about Plaintiff to the national credit reporting agencies after August 30, 2007 violated 15 USC §1692e(8), 1692d and 1692f.

27. As a result of Defendant's conduct, actions, and inaction, Plaintiff has suffered detriment to her credit rating, emotional distress, embarrassment, anxiety, and humiliation.

### TRIAL BY JURY

28. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION
### COUNT I.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT- 15 U.S.C. § 1681s-2(b)

29.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

30.     Defendant willfully violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed account information.

31.     As a result of Defendant's violations of § 168ls-2(b), Plaintiff has suffered out-of-pocket expenses, loss of time, and detriment to her credit rating, resulting in a frustrating inability to obtain credit easily if at all, emotional distress, embarrassment, distraction, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

32.     Defendant's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

33.     Plaintiff is entitled to recover costs and attorney fees from Defendants in such an amount as the Court will allow pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT II

## VIOLATIONS OF FDCPA, 15 USC § 1692e(8), § 1692d and  § 1692f

34.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated

herein.

35.     Defendant reported inaccurate credit information about Plaintiff to the national credit reporting agencies after August 30, 2007 violated 15 USC §1692e(8), 1692d and 1692f.

36.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT III – BREACH OF CONTRACT

38.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

39.     Defendant and Plaintiff entered into an agreement wherein Defendant Élan's promised to delete the paid accounts from Plaintiff's credit reports contingent upon Plaintiff making two payments totaling $6742.41 by August 30, 2007.

40.     Plaintiff met her part of the bargain with timely payments with cashier's checks to Defendant.

41.     Defendant failed to meet its threshold of its agreement, i.e., causing the credit

reporting agencies to delete the disputed Élan accounts.

42.     Defendant's failure to instruct the credit reporting agencies to delete the disputed

Élan accounts constituted a breach of contract.

43.     Defendant's breach of contract caused Plaintiff damage.


**WHEREFORE,** Plaintiff prays that judgment be entered against this Defendant for:

a.)  Actual damages in an amount to be determined at trial against Defendant;

b.) Statutory and punitive damages in an amount to be determined at trial against

Defendant pursuant to 15 U.S.C § 168ls-2(b);

c.) Costs and reasonable attorneys' fees pursuant 15 U.S.C. § 1681n and § 1681o;

d.) That judgment be entered against Defendant for actual damages, pursuant to
15 U.S.C. § 1692k(a)(1);

e.) That judgment be entered against Defendant for statutory damages pursuant to
15 U.S.C. § 1692k(a)(2)(A) and (B);

f.) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C.
§ 1692k(a)(3); and

g.) Other and further relief as may be just and proper.


Dated :  4/10/2008                              Respectfully submitted,

                                                By:  s/ Thomas J. Lyons Jr.

                                                CONSUMER JUSTICE CENTER, P.A.
                                                Thomas J. Lyons, Jr., Esq. MBN: 0249646

Trista M. Roy, Esq. MBN:0387737
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:    (651) 770-9707
tommycjc@aol.com
tristacjc@aim.com

Attorneys for Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

I, Teresa Kelly f/k/a Teresa Murphy, , having first been duly sworn and upon oath, depose and say as follows:

1.  I am the Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

*Teresa L. Kelly*
Teresa Kelly

Subscribed and sworn to before me

this the  12  day of  April  2008

*C. John Wire*
Notary Public



JACOB JOHN WIRE
Notary Public
Minnesota
My Commission Expires Jan. 31, 2011



August 6, 2007

Teresa L. Murphy
James J. Murphy
18986 100ᵗʰ Ave N
Maple Grove, MN 55311

Re:    Account No.    ████████-0061/████████-0043
       Balance        $4090.31 /$2,615.43
       Balance Total  $6,705.74

Dear Mrs. Murphy:

Please let this letter serve to confirm Élan Financial has agreed to accept the sum of **$4,358.25** as settlement in full $2,658.70 to the account ending in 0061 and $1,699.55 to the account ending in 0043.

Élan Financial will release you from any and all liability on this account when the total amount of **$4,358.25** is processed and has cleared your account on or before August 20, 2007. We will then notify the credit reporting agencies that this matter has been resolved and that your account is settled in full, this update will take from 30-90 days.

For your convenience I have listed the bank wire information below.

Wire Transfer:    Routing # ████████
                  DDA # ████████
  • You will need to provide the name and complete account number.
  • To confirm that a bank wire has been received, contact Bank Wire customer service 1-888-799-4737.

Respectfully,

*Clee*

Christopher Lee
Recovery Specialist
1-800-308-3648, ext. 60562

**EXHIBIT**
_____1_____

Subj:     **Re: account pif Teresa Murphy**
Date:     8/29/2007 10:30:18 AM Central Daylight Time
From:     christopher.rodriquez@usbank.com
To:       Tommycjc@aol.com

(Embedded image moved to file: pic04031.jpg)

August 29, 2007

Teresa L. Murphy
18986 100th Ave N
Maple Grove, MN 55311

Re:    Élan Visa Account Nos.:  4▉▉▉▉▉▉▉▉0061 & 4▉▉▉▉▉▉▉▉0043
       Current Balances:     $4,112.04 & $2,629.43

Dear Ms. Murphy:

Please let this letter serve to confirm our telephone conversations regarding the above referenced accounts.

As we discussed by telephone, Élan Financial agrees to delete the trade-line related to these accounts from your personal credit profile with the credit reported agencies as long as the above amounts are remitted to our office on or before August 30, 2007.  We will also, as requested, send a copy of the request for deletion to your attorney.

The wire instructions have been listed below for your convenience.

Wire Transfer:    Routing #▉▉▉▉▉▉▉▉
              DDA # 1▉▉▉▉▉▉▉▉▉▉
·  You will need to provide the name and complete account number. To confirm that a bank wire has been received, contact Bank Wire customer service 1-888-799-4737

If you have any questions, please contact me at the telephone number listed below.

Sincerely,


Christopher Lee
Recovery Specialist
Élan Financial
1-800-308-3648, ext. 60562

```
┌─────────────────┐
│   EXHIBIT       │
│      2          │
│   _____      │
└─────────────────┘
```

-----------------------------------------------------------------------
Electronic Privacy Notice. This e-mail, and any attachments, contains information that is, or may be, covered by electronic communications privacy laws, and is also confidential and proprietary in nature. If you are not the intended recipient, please be advised that you are legally prohibited from retaining, using, copying, distributing, or otherwise disclosing this information in any manner. Instead, please reply to the sender that you have received this communication in error, and then immediately delete it. Thank you in advance for your cooperation.
=======================================================================

THIS DOCUMENT ... PRINTED ON THE BACK, THE FRONT OF THE DOCUMENT HAS A MICRO-PRINT SIGNATURE LINE. ABSENCE OF THESE FEATURES WILL INDICATE A COPY.

**PB**

**Premier Bank**
2866 WHITE BEAR AVENUE • 651/777-7700
MAPLEWOOD, MINNESOTA 55109
MAPLEWOOD • OSSEO • ROSEVILLE • WHITE BEAR LAKE
0960

4 452347167

REMITTER

TERESA L. MURPHY

DATE August 30, 2007

93-541/920

PAY TO THE
ORDER OF ___ ELAN FINANCIAL(PREMIER#⬛⬛⬛⬛⬛⬛0043) ___ $ 2,629.43

TWO THOUSAND SIX HUNDRED TWENTY-NINE AND 43/100 _____ DOLLARS

# CASHIER'S CHECK

*Charlene Dijon*   MP

⑈092005411⑈:00445  234716721⑈

---

THIS DOCUMENT HAS AN ARTIFICIAL WATERMARK PRINTED ON THE BACK. THE FRONT OF THE DOCUMENT HAS A MICRO-PRINT SIGNATURE LINE. ABSENCE OF THESE FEATURES WILL INDICATE A COPY.

**PB**

**Premier Bank**
2866 WHITE BEAR AVENUE • 651/777-7700
MAPLEWOOD, MINNESOTA 55109
MAPLEWOOD • OSSEO • ROSEVILLE • WHITE BEAR LAKE
0960

4452347166

REMITTER

TERESA L MURPHY

DATE August 30, 2007

93-541/920

PAY TO THE
ORDER OF ___ ELAN FINANCIAL(HIGHLAND#⬛⬛⬛⬛⬛⬛0061) ___ $ 4,112.98

Aug

FOUR THOUSAND ONE HUNDRED TWELVE AND 98/100 _____ DOLLARS

# CASHIER'S CHECK

*Charlene Dijon*   MP

⑈092005411⑈:00445  234716631⑈

**EXHIBIT**

**3**

---

**GENERAL LEDGER - CREDIT**
**MAPLE GROVE**
**INPOC**

| DATE | PREPARED BY | PHONE NUMBER |
|---|---|---|
| 8/30/07 | Elizabeth | 7634405820 |
| APPROVED BY | DEPT. NUMBER | BRANCH OFFICE # |
| | | 0107 |

DESCRIPTION

To Pay Charged off Cards

⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ 0043 $2629.43
⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛ 0061 $ 4112.98

OFFSET ENTRY

SERIAL NO.
0107 0190

ROUTING NUMBER
523003005

14 DIGIT ACCOUNT NUMBER
COST CENTER / ACCOUNT NUMBER
00073951851230

AMOUNT
$ 6,742.41

NORTHSTAR FINANCIAL FORMS  1-800-328-9600  M 601073-4  20349-2 (1/02)

Teresa Lynn Murphy
18986-100th Ave North
Maple Grove, MN 55311

January 10, 2008

CSC Credit Services, Inc.                    Trans Union LLC
PO BOX 619054                                PO Box 1000
Dallas, TX 75261-9054                        Chester, PA 19016

Social Security number: ███-██-7768
Date of Birth: 11/13/59

Dear Sir/Madam:

I dispute the account and personal information listed below:

| Creditor's name | Account # | Inaccurate or disputed information | Correction required or action requested | Proof |
|---|---|---|---|---|
| GEMB/JCP | ████-761-8 | NOT MINE. I have never owned a JCPenney credit card with this account number. | Remove this item from my credit report please | |
| ÉLAN | ████ 0043 | This account was settled in full on August 6, 2007. It should NOT be reported as charged off. | Update to show paid in full. Do not report it as charged off. | Élan letter dated August 6, 2007. |
| ÉLAN | ████ 0061 | This account was settled in full on August 6, 2007. It should NOT be reported as charged off. | Update to show paid in full. Do not report it as charged off. | Élan letter dated August 6, 2007. |

Please remove both of these following addresses from my credit report. Neither are/were mine at any time.

- 2215 El Paseo, Las Cruces, NM 88001.
- PO Box 573 Osseo, MN 55369

I have enclosed a copy of my driver's license to verify where I live. Please investigate these errors and send me a free and corrected credit report so I can review it.

Very truly yours,

*Teresa L. Murphy*

Teresa Murphy

Enclosure

EXHIBIT
4